UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 1:23-cv-20702

ECUAMIA FLOWERS CORP., a
Florida corporation,

 *Plaintiff*,

v.

NORTH BAY FARM WHOLESALE, LLC,
A California limited liability company,

 *Defendants*.
_____/

## COMPLAINT

Plaintiff ECUAMIA FLOWERS CORP. ("Plaintiff" or "Ecuamia Flowers"), by and through undersigned counsel, hereby sues Defendants NORTH BAY FARM WHOLESALE, LLC ("North Bay" or "Defendant") and states as follows:

### JURISDICTION, VENUE, AND PARTIES

1. This is an action seeking monetary relief and damages for services provided to Defendants in excess of seventy-five thousand dollars ($75,000.00) exclusive of interest, costs, and attorney's fees.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332. This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims are related to the federal claims and form part of the same case and controversy, transaction or occurrence.

3. Plaintiff, Ecuamia Flowers, is a Florida corporation with its principal place of business in Miami, Florida.

4. Defendant, North Bay, is a California limited liability company with its principal place of business in San Francisco, California. North Bay does substantial and not isolated business in Miami, Florida.

5. On information and belief, North Bay is owned by Andrew Iannone and Brandon Iannone.

6. On information and belief, Andrew Iannone, is a resident of California who does substantial and not isolated business in Miami, Florida and is otherwise *sui juris*.

7. On information and belief, the other owner of North Bay, Brandon Iannone, is a resident of California and is otherwise *sui juris*.

8. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a)(1).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Plaintiff has its principal place of business in this district and regularly conducts business in this district.

10. The Plaintiff has no alternative but to seek the intervention of this Court and request the Court grant relief in this matter.

11. Plaintiff has retained the undersigned law firm and is obligated to pay them a reasonable attorney's fees.

12. All conditions precedent have been performed, excused or waived.

**GENERAL ALLEGATIONS COMMON TO ALL CLAIMS**

13. Plaintiff is in the business of providing refrigerated flowers in the United States of America.

14. Defendant is in the business of purchasing and reselling flowers in the United States of America.

15. On or around December 7, 2021 up until around August 8, 2022, Plaintiff provided a variety of services to Defendant, including but not limited to providing flowers (the "Services").

16. The Services were invoiced to Defendant North Bay, a true and correct report of all invoices to date is attached herein as. Exhibit "A."

17. Prior to providing the Services, Defendant completed a credit application, signed by Andrew Iannone. A true and correct copy of which is attached hereto as Exhibit "B."

18. The Credit Application stated the account would be turned over to collection in the event of nonpayment and a collection fee of 33 1/3 percent would be added to the total amount due.

19. On the dates described in Exhibit "A," Plaintiff so performed the Services described, in good faith, and Defendant accepted the Services without complaint.

20. Defendant received, inspected, and accepted in conformity any goods delivered ancillary to the Services.

21. Defendant owes the amount in Exhibit "A" plus collection fee and any interest. Defendant has failed to pay the amount to Plaintiff.

22. On or about January 28, 2023, counsel for the Plaintiff sent a "Validation of Debt Notice" to the Defendant asking it to inform Plaintiff if it disputed any amount of the debt. The amount of the debt has never been disputed. *See* Exhibit "C."

23. Plaintiff as a result has been forced to retain the services of the undersigned law firm and is obligated to pay them a reasonable fee for their services. Additionally, Plaintiff has authorized its attorneys to incur certain costs on its behalf to prosecute this action. As described below, Defendant is responsible and liable for these sums pursuant to the agreed purchase orders and the Credit Application. *See* Fla. Stat. § 672.201(2).

24. Pursuant to the purchase orders sent for each of the events catalogued in Exhibit "A," Defendant acknowledged, acquiesced, and otherwise became bound by the legal born on the bottom, which reads:

> In the event it shall become necessary to collect the herein above described sum or any part thereof the purchaser agrees to pay the costs therefore including reasonable attorney's fees. All legal action or disputes shall be governed by Florida law and venue shall be exclusively in Dade County, Florida.

*See* Exhibit "A."

## COUNT I
## OPEN ACCOUNT

25. Plaintiff re-alleges, incorporates and asserts by reference the allegations set forth in paragraphs 1 through 24.

26. A contract exists between creditor Plaintiff and debtor Defendant for the provision of the Services. *See* Exhibits "A" and "B."

27. Defendant owes Plaintiff $621,587.96 that is due with fees and interest thereon pursuant to Exhibit "A," such value is the reasonable value of the Services delivered.

28. The Services were delivered to Defendant without objection by Defendant.

**WHEREFORE**, Plaintiff demands judgment for damages in the amount of $621,587.96 along with fees, pre-judgment interest, post-judgment interest until payment is made in full, costs and expenses, attorney's fees, and any other remedy which this Court deems just and fair.

## COUNT II
## ACCOUNT STATED

29. Plaintiff re-alleges, incorporates and asserts by reference the allegations set forth in paragraphs 1 through 24.

30. Before the institution of this action, Plaintiff and Defendant had business transactions between them and on or after the dates above the resulting listed in Exhibit "A" was agreed to by all Parties.

31. Plaintiff rendered a statement to Defendant on or shortly after January 18, 2023 and Defendant did not object to the statement.

32. Defendant owes $621,587.96 that is due with interest pursuant to the invoices attached as Exhibit "A" and credit application attached as Exhibit "B."

**WHEREFORE**, Plaintiff demands judgment for damages in the amount of $621,587.96 along with fees, pre-judgment interest, post-judgment interest until payment is made in full, costs and expenses, attorney's fees, and any other remedy which this Court deems just and fair.

## COUNT III
## BREACH OF CONTRACT

33. Plaintiff re-alleges, incorporates and asserts by reference the allegations set forth in paragraphs 1 through 24.

34. Plaintiff and Defendant are both merchants pursuant to Florida's Uniform Commercial Code.

35. Plaintiff and Defendant entered into a written contract pursuant to the purchase orders and credit application in Exhibit "A" and "B" respectively.

36. Defendant was given a reasonable time to object to those terms and did not.

37. Pursuant to the terms of the contract, Defendant owes $621,587.96 that is due with interest and attorney's fees incurred in this matter. *See* Exhibits "A" and "B."

38. Defendant's failure to pay constitutes a material breach of the contract that has damaged the Plaintiff.

**WHEREFORE**, Plaintiff demands judgment for damages in the amount of $621,587.96 along with fees, pre-judgment interest, post-judgment interest until payment is made in full, costs and expenses, attorney's fees, and any other remedy which this Court deems just and fair.

### COUNT IV
### UNJUST ENRICHMENT

39. Plaintiff re-alleges, incorporates and asserts by reference the allegations set forth in paragraphs 1 through 24.

40. Plaintiff conferred a benefit by providing the Services to Defendant.

41. Defendant voluntarily retained the benefit of the Services.

42. The circumstances render Defendant's retainer of the Services inequitable unless Defendant pays to the Plaintiff the full value of the Services.

**WHEREFORE**, Plaintiff demands judgment for damages in the amount of $621,587.96 along with fees, pre-judgment interest, post-judgment interest until payment is made in full, costs and expenses, attorney's fees, and any other remedy which this Court deems just and fair.

Dated: February 22, 2023                              Respectfully submitted,

**AINSWORTH + CLANCY, PLLC**
801 Brickell Avenue, 8th Floor
Miami, FL 33131
Telephone: (305) 600-3816
Facsimile: (305) 600-3817

By: *s/ Ryan Clancy*
Ryan Clancy, Esq.
Florida Bar No. 117650
Email: ryan@business-esq.com
Email: info@business-esq.com